IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER LOREN JONES,** : | | |
|     **Plaintiff,** : | | |
| : | | |
| **v.** : | | CIVIL ACTION NO. 25-CV-0066 |
| : | | |
| **TRUEACCORD, CORP.** : | | |
|     **Defendant.** : | | |

## MEMORANDUM

**HODGE, J.**                                                                                                             **MARCH 14, 2025**

Plaintiff Christopher Loren Jones asserts claims against Defendant TrueAccord, Corp., for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA").[1] Jones seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Jones leave to proceed *in forma pauperis* and dismiss his Complaint. Jones may file an amended complaint or proceed only on his FDCPA claim.

**I.    FACTUAL ALLEGATIONS**[2]

Jones asserts that on May 6, 2024, TrueAccord "began reporting an alleged debt" on his credit report "without proper validation." (Compl. at 2.) Jones does not specify the nature or amount of the debt. According to Jones, he sent TrueAccord a "Formal Demand for Debt

---

[1] Although Jones commenced this action by filing a document he styled as a "Motion for Summary Judgment," the Court construes his initial pleading as a Complaint and will refer to it as such through this Memorandum. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 n.17 (3d Cir. 2019) (expressing a "policy of considering motions based on their substance rather than their title"). Although Jones states that he previously initiated an action against TrueAccord, perhaps based on complaints he made directly to that company, there is no record of any such civil action in this Court.

[2] The factual allegations are taken from Jones's Complaint and the exhibits attached thereto. (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

Validation" on September 18, 2024, and a "Notice of Default" on October 14, 2024. (*Id*.) TrueAccord allegedly did not respond to either document. (*Id*.) The "Debt Validation Letter" and the "Notice of Default" refer to "TrueAccord account #47-57-6410-57399 (TMobile)." (*Id*. at 7, 12.) Jones submits an excerpt of his credit report showing a $436 balance with Comcast Cable Corporation that was placed in collection. (*Id*. at 16-17.) The account name associated with this balance is TrueAccord Corporation. (*Id*. at 16.)

Jones states that TrueAccord's "continued reporting of the alleged debt caused nine violations of the FRCA, one for each month of reporting from May 2024 to January 2025." (*Id*. at 3.) Jones further states he was denied credit card applications by "Amazon Store Card" and "Destiny Mastercard" due to TrueAccord's actions. (*Id*.) Jones claims that TrueAccord "failed to validate the alleged debt" despite his formal request, in violation of the FDCPA. (*Id*. (citing 15 U.S.C. § 1692g(b)).) Jones also claims that TrueAccord "knowingly and willfully continues to report inaccurate information" on his credit report "without proper investigation or acknowledgment" of his demand for validation, in violation of the FCRA. (*Id*. (citing 15 U.S.C. § 1681s-2).) Based on these allegations, Jones seeks statutory, actual, and punitive damages. (*Id*. at 5.)

## II.   STANDARD OF REVIEW

Because Jones appears to be incapable of paying the filing fees to commence this action, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the

facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), abrogation on other grounds recognized by *Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Jones is proceeding pro se, the Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

III.   DISCUSSION

    A.   **FCRA Claims**

Without providing specifics, Jones claims that TrueAccord reported inaccurate information on his credit report without a proper investigation and despite his demand for validation, and thus violated the FCRA. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). Under the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). Consequently, the FCRA places certain duties

on those who furnish information to consumer reporting agencies, such as requiring furnishers to correct any information they later discover to be inaccurate. *Bibbs v. Trans Union LLC*, 43 F.3d 331, 339 (3d Cir. 2022) (citing *SimmsParris*, 652 F.3d at 357; 15 U.S.C. § 1681s-2(a)(2)). The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).

The Court understands Jones to assert a FCRA claim against TrueAccord as a furnisher of credit information. To state a plausible claim against a furnisher under the FCRA, a plaintiff must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

Here, Jones asserts only that TrueAccord reported inaccurate information. Jones has not alleged what information was inaccurate,[3] that he disputed the information to a credit reporting

---

[3] Although the exhibits attached to Jones's Complaint indicate that his credit report reflected an account with Comcast in collections, his "Formal Demand for Debt Validation" and "Notice of Default" reference a different account with T-Mobile. Regardless of the inconsistency, a complaint cannot state a claim by relying on exhibits absent factual allegations in the Complaint that explain the basis for the plaintiff's claims against the defendant. *See*

agency, or that TrueAccord failed to reasonably investigate the dispute in response. *See SimmsParris*, 652 F.3d at 358 (explaining that the notice "must be given by a credit reporting agency, and cannot come directly from the consumer"); *see also Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 91 (3d Cir. 2017) (*per curiam*) ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute."); *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. Nov. 8, 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"). Jones's FCRA claims are therefore not plausible as pled and must be dismissed.

B.  **FDCPA Claims**

Jones also asserts that TrueAccord failed to validate the "alleged debt" after his "formal request" and thus violated the FDCPA. The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). "Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt

---

*Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

5

collection abuses.'" *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019) (quoting 15 U.S.C. § 1692(e)). "The FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices." *Id.* (citing 15 U.S.C. §§ 1692b-1692j); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 585 (3d Cir. 2020) (*en banc*) ("The FDCPA protects against abusive debt collection practices by imposing restrictions and obligations on third-party debt collectors.").

To state a claim under the FDCPA, a plaintiff must allege that (1) he or she "is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (internal citation omitted). Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible. *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss"); *Astarita v. Solomon & Solomon, PC*, No. 12-5670, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's Complaint is utterly devoid of any factual content – such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt – which would allow the Court to draw the reasonable inference that Defendant's actions violated any provision of the FDCPA.").

Jones provides very few details, including the nature and amount of the "alleged debt," but assuming for purposes of statutory screening that TrueAccord is a debt collector and that there is a valid debt in question as reflected on the credit report attached to Jones's Complaint,

Jones nevertheless fails to allege how TrueAccord violated the FDCPA in an attempt to collect a debt. Jones refers specifically to § 1692g(b), in alleging that TrueAccord failed to validate the "alleged debt" despite his "formal request." (Compl. at 3.) The Court understands "formal request" to refer to Jones's "Formal Demand for Debt Validation" notice. (*Id*. at 3, 7-10.) Section 1692g generally sets forth the procedures and responsibilities for a consumer and a debt collector when a consumer disputes the validity of a debt with a debt collector. *See* 15 U.S.C. § 1692g(a)-(e).

> Section 1692g(b), to which Jones specifically cites, states that:
>
> If the consumer notifies the debt collector in writing within the thirty-day period described by [§ 1692g(a)] that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt . . . until the debt collector obtains a verification of the debt . . . .

15 U.S.C. § 1692g(b). Section 1692g(a) requires a debt collector to send a notice with certain information about the debt "[w]ithin five days after the initial communication with a consumer in connection with the collection of [that] debt" unless that information is already contained in the initial communication. 15 U.S.C. § 1692g(a); *see also Szczurek v. Pro. Mgmt. Inc.*, 627 F. App'x 57, 62 (3d Cir. 2015) ("Section 1692g(a) explicitly identifies the information that a debt collector must include in a debt collection letter, such as the amount of the debt, the name of the creditor to whom the debt is owed, and the procedures available to the consumer should he dispute the validity of the debt."). Section 1692g(a) also requires that the written notice inform the consumer that, if he "notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt" and mail it to the consumer. 15 U.S.C. § 1692g(a)(4). Interpreting these two sections together, "[s]ection 1692g(b) guarantees that, if a consumer invokes [his] § 1692g(a) right to request

information about a debt, and the consumer invokes this right in writing and within the thirty-day period prescribed by statute, a debt collector must 'cease collection of the debt' until it has provided the requested information to the debtor." *Deutsch v. D&A Servs. LLC*, No. 22-1042, 2023 WL 2987568, at *1 (3d Cir. Apr. 18, 2023).

Jones's sole allegation in support of his FDCPA claim—that TrueAccord "failed to validate the alleged debt after [his] formal request" (Compl. at 3)—does not support a plausible violation of Section 1692g(b). Jones does not allege any information about an initial communication from TrueAccord or that he submitted his "Debt Validation Letter" in the appropriate time period under the statute. Nor does this letter clearly indicate the debt at issue and that Jones disputes the debt. Moreover, Jones does not describe any efforts that TrueAccord made to collect upon the debt in question. Accordingly, Jones has not alleged a violation of section 1692g(b). *See Tauro v. Asset Acceptance*, No. 12-00418, 2012 WL 2359954, at *3 (W.D. Pa. June 20, 2012) (dismissing claim as implausible because "[t]he Plaintiff does not allege that, nor does he aver facts to suggest that, the Defendants provided (or failed to provide) either an initial communication or validation notice containing the information required by law. In order to state a valid FDCPA claim, the Plaintiff must do so."); *Valderrama v. BBVA Compass*, No. 21-01776, 2021 WL 6065825, at *3 (N.D. Tex. Nov. 22, 2021), *report and recommendation adopted*, No. 21-01776, 2021 WL 6063618 (N.D. Tex. Dec. 21, 2021) (dismissing FDCPA claim where "Plaintiff also fails to assert any facts indicating that he properly disputed or sought validation of the debt, or that he has been the object of any collection activity by Defendants.").

### IV.  CONCLUSION

For the foregoing reasons, the Court will grant Jones leave to proceed *in forma pauperis*

...

and dismiss his Complaint. The Court will permit Jones an opportunity to file an amended complaint if he can correct the defects the Court has noted as to his claims. An appropriate Order follows.

BY THE COURT:

/s/ Hon. Kelley B. Hodge

_____
**KELLEY BRISBON HODGE, J.**